**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | | |
|---|---|---|
| WEATHERPROOFING TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-cv-50378 |
| | ) | |
| ALACRAN/O&S JV, LLC, an Illinois limited | ) | |
| liability company, d/b/a ALACRAN/O&S JOINT | ) | |
| VENTURE, | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT**

**NOW COMES** Plaintiff, WEATHERPROOFING TECHNOLOGIES, INC., by and through its attorneys, Schiff Hardin LLP, and for its Complaint against Defendant, ALACRAN/O&S JV, LLC d/b/a ALACRAN/O&S JOINT VENTURE, and states as follows:

**THE PARTIES**

1.      Plaintiff Weatherproofing Technologies, Inc. ("WTI") is a Delaware corporation with its principal offices located at 3735 Green Road, Beachwood, Ohio, 44122.

2.      On information and belief, Defendant Alacran/O&S JV, LLC is an Illinois limited liability company with its principal offices located at 309 South Main Street, Rockford, Illinois, 61101.  On information and belief, Alacran/O&S JV, LLC is also doing business in Illinois as Alacran/O&S Joint Venture (collectively referred to as the "Alacran/O&S").

3.      On information and belief, Alacran/O&S is comprised of the following two members: (i) Alacran Contracting, LLC ("Alacran"), an Illinois limited liability company engaged in the business of providing general contracting services in the construction industry, including providing construction services for federal buildings, and having its principal place of business located in Rockford, Illinois; and (ii) O&S Associates ("O&S"), a New York

1

corporation engaged in the business of providing architectural and engineering services in the construction industry, including design services for federal buildings, and having its principal place of business located in Hackensack, New Jersey.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because a the defendant resides in this judicial district.

## FACTS COMMON TO ALL COUNTS

6.     WTI is engaged in the business of providing roofing and general contracting services in the construction industry.

7.     On information and belief, in February of 2008 Alacran and O&S formed the joint venture Alacran/O&S for purposes of providing certain design and construction services for federal construction projects.

8.     On information and belief, the purpose of the Alacran/O&S joint venture was to bid on, and to provide design and construction services for, a project for the US Army Corps of Engineers (the "ACOE") known as the Move Metal Parts Mission – Rock Island Arsenal Building 299 located in Rock Island, Illinois (the "Project").

9.     In or around the Spring and Summer of 2008, authorized representatives of WTI and Alacran/O&S engaged in discussions regarding the formation of a relationship whereby WTI

and Alacran/O&S agreed to work together in preparing a bid in response to the ACOE's Request

for Proposal No. W912QR-08-R-0077 for the Project (the "RFP").

10.     In furtherance of their agreement to work together, on or about August 15, 2008,

WTI and Alacran/O&S entered into a Teaming Agreement specifically to outline the parties'

duties and obligations related to the Project.  (A true and correct copy of the Teaming Agreement

is attached hereto as **Exhibit A**.)

11.     Through their respective authorized representatives and set forth in the Teaming

Agreement, WTI and Alacran/O&S further agreed that if Alacran/O&S was awarded the Project

by the ACOE, WTI and Alacran/O&S would perform the work on the Project as outlined in the

Teaming Agreement and the proposal submitted in response to the ACOE's RFP.

12.     The Teaming Agreement identified, among other things, the following with

respect to the parties' obligations related to the Project:

> (a)     "Team Leader, Alacran/O&S Joint Venture will provide: Project Management, Project Quality Control & Safety, Project Supervision, Material Supply, design, site work, carpentry, finish work, flooring, architectural finishes, mechanical and other resources to support the objectives of the resultant contract award." (***See***, **Exhibit A, pg. 1**)

> (b)     "Team Member, Tremco/WTI will provide, in conjunction with Alacran/O&S Associates Joint Venture: Construction Management support, supervision oversight, structural windows, siding, roofing, electrical plumbing, fire suppression, controls, and alarm services in support of the project…" (***See***, **Exhibit A, pg. 1**)

> (c)     "The Team Leader shall identify the Team Member as proposed subcontractor and shall describe in the competitive proposal the Team Member's responsibilities concerning the Team Member's share of the proposed contract, including the Team Member indemnifying for bid, performance and payment bonds." (***See***, **Exhibit A, pg. 2**)

> (d)     "Upon award to Team Leader of any contract resulting from the Solicitation, but subject to Team Member's satisfactory discharge of its obligations under this Teaming Agreement and except as otherwise agreed upon by the Parties, award to Team Member a subcontract for the

performance of such share of the contract work as is called for under this Teaming Agreement …" (**See, Exhibit A, pg. 4**)

13.    Also on or about August 15, 2008, Alacran and O&S formally executed the Alacran/O&S joint venture agreement. (A true and correct copy of the Alacran/O&S Joint Venture Agreement is attached hereto as **Exhibit B**.)

14.    On or about September 25, 2008, Alacran/O&S submitted its proposal in response to the ACOE's RFP for the Project.

15.    On or about September 30, 2008, the ACOE awarded the Project to Alacran/O&S, issuing an  award letter and accompanying ACOE Contract No. W912QR-08-C-0057 in the amount of $19,497,767 (the "Prime Contract").  (A true and correct copy of ACOE's September 30, 2008 award letter and the Prime Contract are attached hereto as **Exhibit C**.)

16.    On or about January 14, 2009, and consistent with the terms set forth in the Teaming Agreement, Alacran/O&S issued to WTI a "Statement and Acknowledgment" awarding to WTI a subcontract under Prime Contract No. W912QR-08-C-0057 to perform work on the Project.  WTI's scope of work for the Project was to include, among other things, work related to construction management, roofing, siding, skylights, mechanical, electrical, fire alarm, and fire suppression systems (the "WTI Subcontract").  (A true and correct copy of the January 14, 2009 WTI Subcontract is attached hereto as **Exhibit D**.)

17.    Also on or about January 14, 2009, Alacran/O&S issued to WTI a signed and executed purchase order identifying $7,799,106.80 as the amount to be paid to WTI for its work on the Project (the "WTI Purchase Order").  (A true and correct copy of the WTI Purchase Order is attached hereto as **Exhibit E**.)

18.    The WTI Purchase Order also stated, among other things, that it was "Contingent on Final Agreement of Profit and Split of Profit by Joint Venture."  (*See,* **Exhibit E**.)

4

19.    In establishing the profit, WTI and Alacran/O&S agreed that the allocation would be forty percent (40%) to WTI and sixty percent (60%) to Alacran/O&S.

20.    The Teaming Agreement and the WTI Purchase Order between WTI and Alacran/O&S, collectively make up the terms that WTI and Alacran/O&S mutually agreed would be their obligations with respect to WTI's performance of work, supply of materials, and payment for work and materials for the Project (the "WTI Subcontract").

21.    After the Prime Contract was awarded to Alacran/O&S, certain requests for equitable adjustment ("REAs") were submitted by Alacran/O&S to the ACOE seeking additional sums of money with respect to additional work performed or to be performed on the Project. Such REAs include the Structural Clips REA, the Mezzanine File Room REA, the Condensate Pump REA, the Arc Flash REA, and the BacNet REA. WTI does not have copies of the REAs, which, on information and belief, are in the possession of Alacran/O&S.

22.    On information and belief, the total value of the REAs submitted to the ACOE is in excess of $630,000.00.

23.    Certain of the REAs submitted by Alacran/O&S were approved by the ACOE, thereby increasing the total amount of the Prime Contract. WTI does not have copies of the REAs, which, on information and belief, are in the possession of Alacran/O&S.

24.    WTI has properly performed all work that it was obligated to perform on the Project pursuant to the WTI Subcontract.

25.    WTI submitted invoices to Alacran/O&S for WTI's work performed on the Project, of which the following three (3) invoices remain outstanding and unpaid:

(a)    Invoice No. 92700653, dated 02-29-12 and re-issued on 08-08-12 as Invoice No. 14108876, in the amount of $450,000.00 (against which Alacran/O&S paid $100,000 on or about August 9, 2012);

(b)    Invoice No. 92700654, dated 02-29-12, in the amount of $448,233.10; and

(c)    Invoice No. 92799753, dated 08-14-12, in the amount of $155,982.14.

(True and correct copies of WTI's invoices to Alacran/O&S are attached hereto as **Group Exhibit F**.)

26.    To date the total amount Alacran/O&S has paid WTI for its work on the Project is approximately $6,844,891.56.

27.    The balance due and owing to WTI from Alacran/O&S with respect to the invoices submitted relating to the work that WTI performed on the Project pursuant to the WTI Subcontract totals $954,215.24.

28.    WTI has demanded payment from Alacran/O&S on numerous occasions and has not received full payment.

29.    WTI performed all of its obligations related to the Project and under the WTI Subcontract with Alacran/O&S.

30.    Alacran/O&S has failed and refused to pay WTI the amounts due and owing to WTI for the work it performed on the Project, despite WTI's numerous requests to Alacran/O&S for such amounts.

## COUNT I
## BREACH OF CONTRACT

31.    WTI repeats and re-alleges the allegations set forth in Paragraphs 1-30 as if herein set forth in full for this Paragraph 31.

32.    Alacran/O&S offered the WTI Subcontract to WTI.

33.    WTI accepted the offer and agreed to perform the work pursuant to the WTI Subcontract in exchange for payment of $7,799,106.80.

34.    Alacran/O&S and WTI had a valid and enforceable contract.

35.    WTI properly performed all of its obligations under the WTI Subcontract.

36.     Alacran/O&S breached the WTI Subcontract by failing to pay WTI the total sum of money that WTI is entitled to under the WTI Subcontract for the work performed.

37.     Due to Alacran/O&S's breach of the WTI Subcontract, WTI has been damaged in the amount of at least $954,215.24, plus any additional unknown amount related to the profit of the Project.

**WHEREFORE**, Plaintiff Weatherproofing Technologies, Inc., prays that this Court enter judgment in its favor and against Defendant Alacran/O&S JV, LLC d/b/a Alacran/O&S Joint Venture in the amount of $954,215.24, plus any additional unknown amount related to the profit of the Project., and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT II
## UNJUST ENRICHMENT
### (In the Alternative)

38.     WTI repeats and re-alleges the allegations set forth in Paragraphs 1-30 as if herein set forth in full for this Paragraph 38.

39.     In the alternative to Count I above, if the Court finds that the WTI Subcontract does not govern the relationship of the parties, WTI conferred a direct benefit upon Alacran/O&S, and Alacran/O&S was unjustly enriched by that benefit provided by WTI.

40.     The benefit that was conferred upon Alacran/O&S was to WTI's detriment.

41.     There was an appreciation or knowledge by Alacran/O&S of the benefit.

42.     There was acceptance or retention by Alacran/O&S of the benefit conferred.

43.     It would be unjust and inequitable for Alacran/O&S to retain the benefit without paying WTI for the value of that benefit.

44.     WTI is entitled to an award of monetary damages in the amount of approximately $954,215.24, plus any additional unknown amount related to the profit of the Project, for the benefit conferred upon Alacran/O&S by WTI.

**WHEREFORE**, Plaintiff Weatherproofing Technologies, Inc., prays that this Court enter judgment in its favor and against Defendant Alacran/O&S JV, LLC d/b/a Alacran/O&S Joint Venture in the amount of $954,215.24, plus any additional unknown amount related to the profit of the Project, and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT III
## <u>QUANTUM MERUIT</u>
### (In the Alternative)

45.     WTI repeats and re-alleges the allegations set forth in Paragraphs 1-30 as if herein set forth in full for this Paragraph 45.

46.     In the alternative to Count I above, if the Court finds that the WTI Subcontract does not govern the relationship of the parties, WTI performed work for Alacran/O&S of which Alacran/O&S received a direct benefit from WTI.

47.     Alacran/O&S retained the benefit of said work performed by WTI on the Project.

48.     WTI's work was performed at the insistence of Alacran/O&S to be charged by WTI.

49.     WTI's work was not performed gratuitously and Alacran/O&S knew that WTI expected to be compensated for the work provided.

50.     Alacran/O&S accepted the work that WTI performed.

51.     WTI properly performed the work relating to the Project and on behalf of Alacran/O&S.

52.     Alacran/O&S has failed to pay WTI the expected reasonable compensation for the work that WTI performed on the Project.

53.     It would be unjust and inequitable for Alacran/O&S to retain the value of the work without paying WTI for the benefit conferred.

54.     WTI is entitled to an award of monetary damages in the amount of approximately $954,215.24, plus any additional unknown amount related to the profit of the Project, for the benefit of the work that WTI performed for Alacran/O&S on the Project.

**WHEREFORE**, Plaintiff Weatherproofing Technologies, Inc., prays that this Court enter judgment in its favor and against Defendant Alacran/O&S JV, LLC d/b/a Alacran/O&S Joint Venture in the amount of $954,215.24, plus any additional unknown amount related to the profit of the Project, and such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 27, 2013                    WEATHERPROOFING TECHNOLOGIES, INC.


By: /s/ Michael J. Hanahan_____
Michael J. Hanahan
Alexandra L. Rieck
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500/Fax: (312) 258-5600
*mhanahan@schiffhardin.com*
*arieck@schiffhardin.com*

33951-0016
CH2\13327723.6